UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THE CARLILE LAW FIRM, LLP | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:05cv409 |
| | § | |
| MIKE CASCINO AND CASCINO | § | |
| VAUGHAN LAW OFFICES, LTD. | § | |
| | § | |
| Defendants | | |

## NOTICE OF REMOVAL

Mike Cascino and Cascino Vaughan Law Offices, Ltd., defendants in the above cause, come and file this Notice of Removal and show as follows

1. This notice is filed pursuant to 28 U.S.C. § 1441 and invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1332.

2. On August 2, 2005, The Carlile Law Firm, LLP filed an original petition against Mike Cascino and Cascino Vaughan in the 71st Judicial District Court of Harrison County, Texas. This notice of removal is filed within 30 days of the state court action.

3. With the exception of the plaintiff's original petition, which is attached as Exhibit A., no pleadings have been filed in the state court action. A certified copy of the docket sheet from the Harrison County District Court is attached as Exhibit B.[1]

4. As stated in its state court petition, Carlile is a limited liability partnership organized under the laws of the State of Texas with its principal place of business in Marshall, Harrison County, Texas. Cascino Vaughan is a corporation organized under the laws of the State of

---

[1] The Harrison County District Court is closed as of the date of this filing due to a state holiday. A supplemental Notice of Removal will be filed with this Court on Monday, August 29, 2005 to include a certified copy of the docket sheet from the Harrison County District Court.

Illinois whose principal place of business is 220 South Ashland Avenue, Chicago, Illinois 60607. Contrary to the allegations contained in Carlile's petition, Mike Cascino is an individual who resides at 3450 North Lakeshore Drive, Chicago, Illinois, 60657. As set out in his affidavit attached as Exhibit C, Mike Cascino has no residency and no place of business in the State of Texas. Therefore, while Carlile is a resident of the State of Texas, Cascino and Cascino Vaughan are residents of the State of Illinois and diversity jurisdiction therefore exists.

5.   This matter also involves damages in excess of $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.   Carlile's misstatement of Mike Cascino's residency was an effort to defeat federal jurisdiction and avoid the consequences of an action filed on June 6, 2005, in the United States District Court for the Northern District of Illinois, under Case No. 050-3348, styled *Cascino Vaughan Law Offices, Ltd. v. The Carlile Law Firm, LLP*. A true and correct copy of the Illinois complaint is attached as Exhibit D.

Wherefore, Mike Cascino and Cascino Vaughan request that this court exercise its jurisdiction over this action following this removal. They also pray for any additional relief to which they may be entitled either in law or equity.

Respectfully submitted,

*/s/ O L Carroll*

Otis Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703

Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

And

JASON R. SEARCY. P.C.
JASON R. SEARCY
SB # 17953500
BOX 3929
LONGVIEW, TEXAS 75606
TEL. 903/757-3399
FAX. 903/757-9559
Email: jsearcy@cablelynx.com

Attorneys for Mike Cascino and
Cascino Vaughan Law Offices, Ltd.

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the above Notice of Removal was mailed, first class mail, postage paid, to Mark D.Strachan, The Carlile Law Firm, LLP, 400 S. Alamo, Marshall, Texas 75720 on this the 26th day of August, 2005.

Deborah Race

Cause No. _____
*Carlile v. Cascino, et al.*
Notice of Removal                                3




CAUSE NO. 05-0692

IN THE 71ST JUDICIAL DISTRICT COURT
OF HARRISON COUNTY, TEXAS

THE CARLILE LAW FIRM, LLP vs. MIKE CASCINO AND CASCINO VAUGHN LAW OFFICES, LTD

CITATION

TO: THE SHERIFF OR ANY CONSTABLE OF TEXAS
OR ANY OTHER AUTHORIZED PERSON

THE STATE OF TEXAS
COUNTY OF HARRISON

TO:   Mike Cascino
      117 Canull Lane
      Watherford, Tx 76087-9226

Attached is a copy of Plaintiff's Original Petition. This was filed on the 2nd day of August 2005, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

This citation is issued 2nd day of August, 2005, under my hand and seal of said Court.

SHERRY GRIFFIS, DISTRICT CLERK
HARRISON COUNTY, TEXAS
P O Box 1119
Marshall, Texas 75671

SEAL

BY_____
        Deputy

Issued at the request of
STRACHAN, MARK D.
400 S. ALAMO ST.
MARSHALL TX 75670

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.m., on the _____ day of _____, _____.
Executed at _____ in _____ County at _____ o'clock ___.m.
on the _____ day of _____, _____, by delivering to _____
defendant, in person, a true copy of this citation together with the accompanying copy of the petition attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____.
    Fee $_____

                                                    _____ of _____ County, Texas
                                                    by_____deputy

_____
       affiant
On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____.

                              _____
                                    Notary Public

EXHIBIT
A

FILED FOR RECORD
HARRISON COUNTY, TEXAS
CLERK DISTRICT COURT

2005 AUG -2 AM 10:34

SHERRY GRIFFIS
BY_____
DEPUTY

CAUSE NUMBER 05-0692

| | | |
|---|---|---|
| THE CARLILE LAW FIRM, LLP | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | IN AND FOR |
| MIKE CASCINO and CASCINO VAUGHAN LAW OFFICES, LTD | § § | HARRISON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLILE LAW FIRM, LLP, complaining of MIKE CASCINO and CASCINO VAUGHAN LAW OFFICES, LTD, Defendants, and for cause of action would show the following:

1. Plaintiff is a Texas limited liability partnership with its principal place of business in Marshall, Harrison County, Texas.

2. Defendant, MIKE CASCINO, is an individual domiciled in Texas and may be served with process at 117 Canull Lane, Weatherford, Texas 76087-9226.

3. Defendant CASCINO VAUGHAN LAW OFFICES, LTD is an Illinois corporation with its principal place of business in Illinois, and may be served with process at 220 South Ashland Avenue, Chicago, Illinois 60607.

4. This lawsuit arises out of breach of contract and a misrepresentation by Defendants for services to be performed in Harrison County, Texas, and therefore venue is proper in this county.

5. Plaintiff and Defendants entered into an agreement whereby Defendants would provide certain legal services in connection with welding rod litigation filed by Plaintiff on behalf of

Plaintiff's Original Petition                                                                                                   Page 1

injured workers. The form of the agreement was prepared by Defendants. A copy of the agreement is attached as Exhibit "A." Plaintiff and Defendants agreed to share fees and expenses of the welding rod cases covered by the agreement, including the *Adair* case and the *Benoit* case described below. Defendants have breached the agreement as described more particularly below, which breach has caused damages to Plaintiff.

6. Plaintiff has previously submitted to Defendants demand for reimbursement of $49,456.36 for expenses incurred in Cause No. 2001-675 styled John Adair, et al v. Alcoa, et al, filed in the 71st Judicial District Court of Harrison County, Texas. Despite demand, Defendants have failed to pay the sums due to Plaintiff, for which amount Plaintiff hereby sues.

7. Plaintiff has previously submitted to Defendants demand for reimbursement of $63,816.05 for expenses incurred in Cause No. A168572 styled *Doug Benoit, et al v. Jay Ray McDermott, Inc., et al*, filed in the 58th Judicial District Court of Jefferson County, Texas. Despite demand, Defendants have failed to pay the sums due to Plaintiff, for which amount Plaintiff hereby sues.

8. Defendants agreed to provide Plaintiff with documents constituting evidence against manufacturers and sellers of welding rod products. Defendants also agreed to provide Plaintiff with assistance in prosecuting claims against manufactures and sellers of welding rod products. Defendants have breached the agreement in that Defendants failed to provide documents and assistance as promised. Plaintiff previously paid Defendants $352,248 under the agreement to which payment Defendants are not entitled by reason of Defendants' breach of the agreement. Plaintiff is entitled to repayment of the $352,248, for which sum Plaintiff hereby sues.

9. Plaintiff is further entitled to recovery reasonable and necessary attorneys' fees as a

result of Defendants' breach of the agreement.

10.   Further, Defendant Mike Cascino represented to Plaintiff that Mike Cascino would form an entity separate and apart from his law firm to submit claims for payment from welding rod victims' trusts created in various bankruptcies filed around the country. Plaintiff relied upon Mike Cascino's representations to the detriment of Plaintiff. Cascino failed set up the described entity and failed to submit claims on behalf of Plaintiff. As a result of Mike Cascino's misrepresentations, Plaintiff has sustained damages for which Plaintiff hereby sues Mike Cascino individually.

11.   Further, Defendant Mike Cascino represented to Plaintiff that Mike Cascino would form an entity separate and apart from his law firm to submit claims for payment from asbestos victims' trusts created in various bankruptcies filed around the country. Plaintiff relied upon Cascino's representations to the detriment of Plaintiff. Mike Cascino failed set up the described entity and failed to submit claims on behalf of Plaintiffs. As a result of Mike Cascino's misrepresentations, Plaintiff has sustained damages for which Plaintiff hereby sues Mike Cascino individually.

12   Furthermore, Plaintiff paid money to Defendants representing a portion of fees recovered by Plaintiff from bankruptcy asbestos victims' trusts although Defendants failed to perform the services agreed upon. Plaintiff is entitled to a refund of such money paid to Defendants, together with reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue and upon hearing that the Plaintiff recover judgment against Defendants actual damages, attorney's fees, prejudgment, post judgment interest, cost of court, and such other and further relief to which

Plaintiff's Original Petition                                                                                                                Page 3

Plaintiff may show itself entitled.

                              Respectfully submitted,

                              THE CARLILE LAW FIRM, L.L.P.
                              400 S. Alamo
                              Marshall, TX 75720
                              (903) 938-1655
                              Fax: (903) 938-0235

By: _____
                              MARK D. STRACHAN
                              TBA No. 19351500

## CASCINO VAUGHAN LAW OFFICES, LTD

MICHAEL P. CASCINO (IL)
ALLEN D. VAUGHAN (IL)
ROBERT G. McCOY (IL)
JILL A. RAKAUSKI (IL, WI)
ADNAN A. ARAIN (IL)

403 WEST NORTH AVENUE
CHICAGO, ILLINOIS 60610-1117
312-944-0600
312-944-1870 FAX
www.CascinoVaughan.com

OF COUNSEL
DONALD J. BERGER (IN)

July 9, 2002

David Carlile
Law Offices of David Carlile
400 S Alamo
Marshall, TX
903-938-1655
903-938-0235 (f)

Dear David,

This letter confirms our welding agreement. We agree as follows:

Clients with welding diseases have retained your office. A list of clients with welding diseases, ages, social security number, case number, and county is attached as exhibit "A".

My office has accumulated evidence against manufacturers and sellers of welding rod products.

We agree to provide you the evidence for trial and to agree to assist your settlement efforts.

You and the attorneys and staff working on welding agree to sign confidentiality agreements.

My office will receive 25% of the fees from settlements and 50% of the fees from trial. Bankruptcy payments will be similarly split.

Your office assumes all legal responsibilities and any malpractice matters that occurred (whether known or unknown) prior to the date of this agreement. Your office will notify all clients and get their consent to my office's sharing in legal fees. My office will not receive any fees from your chemical cases.

We agree to abide by the rules of professional responsibility of Texas including limiting our reimbursable costs to those that can be reasonably charged to the client under Texas law and agree, if necessary, to modify this agreement to comply while still following the spirit and intent of this agreement. All funds obtained from settlements, judgments, and/or bankruptcy/reorganization payments shall be deposited in a separate account in compliance with Texas law. Overhead expenses will not be charged. Your office will advance all medical costs associated with the clients including those that are not reimbursable. We agree to cooperate in the exchange of information related to the clients, accounting, costs, and cases.



EXHIBIT A

Signed

Michael P. Cascino

Signed and Agreed to by:

_____ this 18 day of July, 2002

David Carlile

State of Texas        )
                      )
County of Parker      )

## AFFIDAVIT

1. My name is Michael P. Cascino.

2. I was born in Chicago, Illinois.

3. My domicile is Chicago, Illinois. It is my intention to keep Chicago, Illinois as my domicile for the rest of my life. I enjoy living in Chicago, Illinois.

4. I am an attorney licensed by the State of Illinois to practice law. I have never applied for a license to practice law from the State of Texas, nor do I intend to apply for a license in Texas. I make my livelihood off of my Illinois license.

5. My address is 3450 North Lakeshore Drive, Chicago, Illinois, 60657.

6. My drivers license is issued by the State of Illinois. I have always had my drivers license issued by the State of Illinois.

7. My personal cell phone number is a Chicago exchange.

8. I am a registered voter only in the State of Illinois. I have been a registered voter in Illinois since I was able to vote. I last voted in the 2004 Presidential election. I have never voted in Texas or any other state other than Illinois.

9. My healthcare insurance is in Chicago, Illinois.

10. My physician, Dr. Sha, is in Chicago. My dentists are in Chicago. I do not have a doctor in Texas that I see.

11. I get my credit card bills delivered to my address in Chicago, Illinois.

12. My church is St. Joesph's in Chicago, Illinois. I regularly donate to this church several thousand dollars per year. My child Joey was baptized in this church as will my daughter Emily be.

13. I have season tickets to the Chicago Cubs, Chicago Black Hawks and Chicago Bears. I do not have any season tickets in Texas.

14. I purchase my apparel in Chicago.

15. My retirement accounts are in Illinois.

16. My biggest asset, the law office building, is located in the south loop area of Chicago, Illinois.

17. I have three children from my prior marriage that I regularly see and who sleep over in my Chicago home. My parents are in the Chicago area.



18. In 1986, my business partner and I started our toxic tort practice in Illinois. We enjoy our work, we have been relatively successful, and we work well together. I plan to continue in this practice of law in Chicago, Illinois, for the rest of my life. My oldest son, a freshman at Harvard Law School, will hopefully one day join our practice.

19  My wife and I have the financial means to live separately in two states so we can each be close to our separate relations. She is a native Texan. My wife is an attorney who practices family law in Texas. My wife's parents and brother and sister live in proximity to her.

20. My wife and I own property in Texas. The original piece of property at 117 Canull Lane, Weatherford, Texas 76087, was purchased in 1995, when we were not married and we lived together in Chicago, Illinois. This property was purchased so that my wife could visit her family.

Further, affiant sayeth not.

_____
Michael P. Cascino

Sworn and subscribed
before me this 26th
day of August, 2005

_____
Notary Public

AUTUMN MCPETERS
Notary Public, State of Texas
My Commission Expires
April 22, 2009

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

CASCINO VAUGHAN LAW OFFICES, )
LTD., an Illinois Corporation, )
) JUDGE GETTLEMAN
Plaintiff, )
) 05C 3348
v. ) Case No.
)
THE CARLILE LAW FIRM, LLP, )
a Texas Corporation, ) RECEIVED
)
Defendant. ) JUN - 6 2005
) MICHAEL W. DOBBINS
     CLERK, U.S. DISTRICT COURT

## COMPLAINT

NOW COMES Plaintiff, Cascino Vaughan Law Offices, Ltd. and hereby complains of the above-named Defendant as follows:

1. Plaintiff is a corporation under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

2. Defendant is a corporation under the laws of the State of Texas with its principal place of business in Marshall, Texas.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391 in that the agreement was written in Chicago and performance in part was done in Chicago, Illinois.

6. Plaintiff and defendant entered into a joint venture agreement on July 9th, 2002 to do asbestos litigation. A copy of this agreement is attached hereto as Exhibit "A".

7. Thereafter, the parties modified certain fee percentages under their agreement. See Exhibit "B".

8. Plaintiff performed work under this joint venture agreement including providing assistance on bankruptcy claims.

9. Defendant has paid plaintiff approximately $500,000 pursuant to the agreement.

10. On numerous occasions defendant has paid plaintiff money under the agreement, but has


EXHIBIT D

failed to provide detail as to the vast majority of the payments.

11. Plaintiff has demanded an accounting on more than one occasion.

12. Defendant has failed and refuses to provide an accounting.

13. Upon information and belief, plaintiff is entitled to substantial moneys in excess of $75,000.

14. Plaintiff has no adequate remedy at law.

15. In addition, defendant has refused to reimburse certain costs owed plaintiff for trial expenses in the sum of $9,527.17.

Wherefore, plaintiff prays:

1. For an accounting of all moneys recovered in asbestos litigation of the joint venture;

2. For any amounts found to be due plaintiff from defendant;

3. For costs of suit, and;

4. For any such other relief the court may deem just and proper.

David A. Novoselsky
Novoselsky Law Offices
120 North LaSalle St., Suite 1400
Chicago, IL 60602-2401
(312) 346-8930